UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL CRANMORE,

       Plaintiff,                  CASE NO. 20-cv-11469

v.                                   HONORABLE VICTORIA A. ROBERTS

DEPUTY SHADIS,
DEPUTY MARTIN, and
DEPUTY SHACKLEFORD,

       Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT

### I. Introduction

Plaintiff Daniel Cranmore filed a *pro se* civil rights complaint on May 20, 2020. (ECF No. 1.) At the time, Plaintiff resided at the Jackson County Jail in Jackson, Michigan; but he stated that he was a convicted and sentenced state prisoner. *Id.*, PageID.2, 5. The defendants are three deputy sheriffs employed by the Jackson County Sheriff's Department. *Id.*, PageID.2-3.

Plaintiff alleges in his complaint that, on October 24, 2019, deputy sheriffs Shackelford and Martin came to 8301 Plum Orchard Road in Munith, Michigan and stated that they had a warrant for Plaintiff's arrest. *Id.*, PageID.15. According to Plaintiff, the deputies did not have a warrant; they entered the house without

permission and performed an illegal search and seizure. *Id*. Although Plaintiff was sleeping inside the house before the deputies arrived, they threw him on the floor and began to hit him. *Id*. One officer shot him in the chest with a taser even though he was not resisting. *Id*., PageID.7,15-16.

Plaintiff also alleges in his complaint that, about a week before October 24, 2019, two other officers from the Jackson County Sheriff's Department came to a dwelling in Jackson, Michigan and entered the house illegally. *Id*., PageID.16-17. They called his name, but he blocked the door to a room because he did not know who they were. *Id*., PageID.16. After the officers explained that they were from the Sheriff's Department, Plaintiff admitted them. *Id*. The officers stated that Plaintiff's mother, Gloria Cranmore, called and informed them that Plaintiff was irate and cussed at her and that they needed to know where Plaintiff was. *Id*., PageID.16-17. The officers then left the house. PageID.17. Ms. Cranmore, however, later informed Plaintiff that she never called anyone. *Id*. Plaintiff asserts that deputy sheriffs harassed him on other occasions as well, and that they lied under oath to get a criminal conviction against him in state court. *Id*., PageID.4, 17-18.

Plaintiff now claims that the defendants violated his rights under the Fourth and Eighth Amendments to the United States Constitution. *Id*., PageID.5. He also claims that, as a result of the defendants' conduct, he sustained irreparable injuries, including heart problems, flashbacks and PTSD, and constant pain throughout his

whole body. *Id.*, PageID.8. He seeks money damages for medical costs, pain, and suffering. *Id.*; see also ECF No. 3, PageID.24 (amending the complaint to increase the amount of money damages requested from $450,000 to $2,000,000).

## II. Discussion

### A. Legal Framework

The Court granted Plaintiff permission to proceed without prepaying the fees and costs for this action. (ECF No. 5.) The Court must screen and dismiss a complaint if it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), (b); *Grinter v. Knight,* 532 F.3d 567, 572 (6th Cir. 2008). The United States Court of Appeals for the Sixth Circuit recently explained:

> To avoid dismissal, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also Hill* [*v. Lappin*, 630 F.3d 468, 470–71 (6th Cir 2010)] (holding that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [§ 1915(e)(2)(B)(ii)]"). To state a claim under § 1983, a complaint must allege that persons acting under color of state law caused the deprivation of a federal statutory or constitutional right. *Barber v. Overton*, 496 F.3d 449, 453 (6th Cir. 2007).

*Small v. Brock*, 963 F.3d 539, 540-41 (6th Cir. 2020).

3

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### B. Application

At issue here is the capacity in which Plaintiff sues the defendants. "Generally, plaintiffs must designate in which capacity they are suing defendants . . . ." *Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999).

Furthermore, although the allegations of *pro se* complaints must be held "to less stringent standards then formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), the Sixth Circuit Court of Appeals "has refused to 'abrogate basic pleading essentials in *pro se* suits.' " *Small*, 963 F.3d at 546 (Thapar, C.J., dissenting) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[T]he face of a complaint must indicate whether a plaintiff seeks to recover damages from defendants directly, or to hold the [governmental entity] responsible

4

for the conduct of its employees," and "[i]t is not too much to ask that if a person or entity is to be subject to suit, the person or entity should be properly named and clearly notified of the potential for payment of damages individually." *Wells*, 891 F.2d at 593. Accordingly,

> [t]he leniency granted to pro se petitioners . . . is not boundless. Pro se plaintiffs are treated to less stringent standards, but "they are not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Traditionally the "leniency standard" has still required basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Arguably, hanging the legal hat on the correct peg is such a standard, and "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001) (dismissing a § 1983 suit brought as a § 2254 petition.)

*Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Here, Plaintiff clearly sued the defendants only in their official capacities for money damages, and he identified each defendant by title and surname in the caption and body of his complaint. (ECF No. 1, PageID.1-3, 8.) Government officials sued in their official capacities "stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). As stated in Graham,

> [o]fficial-capacity suits . . . "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon [v. Holt*, 469 U.S. 464, 471–472

5

> (1985)]. It is *not* a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Graham*, 473 U.S. at 165–66 (emphasis in original); *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (stating in a case brought against the chief of a county police department that "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity"). The governmental entity that employed the defendants, therefore, is the only true defendant in this case. *See Alkire*, 330 F.3d at 810 (stating that the only true defendants in a case against a sheriff and judge sued in their official capacities were the county, which was the governmental entity that employed the sheriff, and the county court, which was the governmental entity that employed the judge).

When suing a county under § 1983, "a plaintiff must show that the alleged federal right violation occurred because of a municipal policy or custom." *Jones v. Clark County, Kentucky*, 959 F.3d 748, 761 (6th Cir. 2020) (quoting *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell*, 436 U.S. at 694); *see also Matthews*, 35 F.3d at 1049 (stating that the county could be held liable for the plaintiff's injuries "only if those injuries were the result of an unconstitutional policy or custom of the County"). Plaintiff does not allege that an unconstitutional

county policy or custom caused his injuries. His complaint, therefore, fails to state a plausible claim for which relief may be granted.

### III. Conclusion

The Court summarily dismisses the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim. The Court also certifies that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

IT IS SO ORDERED.

Dated: 9/21/2020

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
United States District Judge